The Honorable Lawrence W. Crow, Jr. Sheriff, Polk County 455 North Broadway Bartow, Florida 33830
Dear Sheriff Crow:
You have asked for my opinion on substantially the following questions:
1. Are nonprofit organizations that have a valid State of Florida alcoholic beverage license allowed to hold legal bingo games at the bar in the organization's social quarters?
2. If legal bingo games are allowed at the bar, are the games limited to the members of the nonprofit organization, or are the games open to the public?
3. Pursuant to section 849.0931, Florida Statutes, must all bingo balls or similar objects be identified, called out vocally, and verified in their descriptive entirety (i.e., B-1, I-16, O-62) rather than partially (i.e., 1, 16, 62)?
4. Can bingo funds be used to pay for items such as commercial advertising, food, food preparation and preservation equipment, newspaper and magazine ads, flyers, TV, radio, attorney retainer and legal fees for nonprofit organizations, hall pre-bingo game preparation and other actual business expenses?
5. Can bingo funds be used to pay Internal Revenue Service bills and other bills when a subordinate nonprofit organization is paying these bills on behalf of a parent organization?
In sum:
1. A nonprofit organization that has a valid State of Florida alcoholic beverage license and qualifies as a charitable, nonprofit, or veterans' organization for purposes of section849.0931, Florida Statutes, may hold bingo games at the bar in the social quarters of the organization.
2. Section 849.0931, Florida Statutes, would allow a charitable, nonprofit, or veterans' organization to restrict participation in any bingo games it sponsors to members of that organization. However, nothing in the statute restricts participation to members of the organization.
3. A caller in a bingo game may, in order to avoid confusion and facilitate ease of play, announce that object in its descriptive entirety when it has been drawn or ejected rather than announcing only the number of that object. Thus, it would be permissible for the caller to announce B-1, I-16, or O-62 rather than 1, 16, or 62.
4. and 5. Bingo proceeds may, pursuant to section 849.0931(11)(c), Florida Statutes, be used to pay certain operational expenses or intangibles that are essential to the operation and conduct of bingo games such as reasonable rental fees, electricity or security for the premises, and set-up and clean-up expenses.
According to your letter, the Polk County Sheriff's Office has recently become aware of nonprofit organizations hosting what is referred to as "bar bingo," in which the regular games are open to private bonafide members only in the lounge area. These organizations have valid State of Florida beverage licenses for alcohol, beer and wine, and also have valid bingo permits issued by the county. For purposes of this opinion, I assume that these organizations are charitable, nonprofit, or veterans' organizations within the scope of section 849.0931(1)(c), Florida Statutes.[1]
Question One
Section 849.09, Florida Statutes, makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0931(2)(a), Florida Statutes, however, provides:
"None of the provisions of this chapter shall be construed to prohibit or prevent charitable, nonprofit, or veterans' organizations engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar endeavors, which organizations have been in existence and active for a period of 3 years or more, from conducting bingo games, provided the entire proceeds derived from the conduct of such games, less actual business expenses for articles designed for and essential to the operation, conduct and playing of bingo, are donated by such organizations to the endeavors mentioned above. In no case may the net proceeds from the conduct of such games be used for any other purpose whatsoever. The proceeds derived from the conduct of bingo games shall not be considered solicitation of public donations."
Thus, section 849.0931, Florida Statutes, constitutes a limited exception from the general prohibition against gambling in this state by authorizing charitable or nonprofit organizations to conduct bingo games, subject to the conditions and limitations contained therein.[2]
The statute strictly regulates the locations where bingo games may be conducted to the following property:
"(a) Property owned by the charitable, nonprofit, or veterans' organization.
(b) Property owned by the charitable, nonprofit, or veterans' organization that will benefit by the proceeds.
(c) Property leased for a period of not less than 1 year by a charitable, nonprofit, or veterans' organization, providing the lease or rental agreement does not provide for the payment of a percentage of the proceeds generated at such premises to the lessor or any other party and providing that the rental rate for such premises does not exceed the rental rates charged for similar premises in the same locale.
(d) Property owned by a municipality or a county when the governing authority has, by appropriate ordinance or resolution, specifically authorized the use of such property for the conduct of such game."[3]
Each charitable, nonprofit, or veterans' organization involved in the conduct of a bingo game must be located in, or within a 15-mile radius of, the county in which the bingo game is located.[4]
While this statute does prescribe where bingo games may be held and who may conduct them, nothing in section 849.0931, Florida Statutes, would prohibit a charitable, nonprofit or veterans' organization from conducting bingo games on premises that are licensed to sell alcoholic beverages.
An administrative rule of the Department of Professional Regulation, Division of Alcoholic Beverages and Tobacco, which was repealed in 1995, recognized that bingo games, when conducted within the statutory guidelines, fall outside the scope of gambling. Former Rule 61A-3.0031, Florida Administrative Code, provided as follows:
"61A-3.0031 Gambling, Possession of Gambling Paraphernalia.
(1) All gambling games and/or possession of gambling paraphernalia as defined under Chapter 849, Florida Statutes, is prohibited.
(2) Bingo, under precise conditions, as set out in Section849.093, Florida Statutes, is not considered gambling. All other games of chance for which the patron or other person is requested or required to give or pay a consideration in order to participate in such games for which prizes of monetary value are given or awarded the winner are prohibited." (e.s.)
Thus, even under this former rule that prohibited gambling or the possession of gambling equipment, bingo was excepted from the prohibition and the conduct of bingo on the premises of a charitable, nonprofit, or veterans' organization would not have jeopardized the alcoholic beverage license of that organization.
Therefore, it is my opinion that a nonprofit organization that qualifies as a charitable, nonprofit, or veterans' organization for purposes of section 849.0931, Florida Statutes, and has a valid State of Florida alcohol beverage license may hold bingo games at the bar in the social quarters of the organization.
Question Two
In conjunction with Question One, you ask whether participation in bingo games conducted as above is limited to members of the organization or whether members of the public may participate.
Nothing in section 849.0931, Florida Statutes, limits participation in bingo games to members of the sponsoring organization, although the statute requires that members of the organization be responsible for conducting these games.[5] Rather, the statutes evince an intent that the public may be invited to participate in bingo games.
Section 849.0931(10), Florida Statutes, regulates public participation in bingo as follows:
"(a) No one under 18 years of age shall be allowed to play any bingo game or be involved in the conduct of a bingo game in any way.
(b) Any organization conducting bingo open to the public may refuse entry to any person who is objectionable or undesirable to the sponsoring organization, but such refusal of entry shall not be on the basis of race, creed, color, religion, sex, national origin, marital status, or physical handicap." (e.s.)
While the statute would allow a charitable, nonprofit, or veterans' organization to limit participation in any bingo games it sponsors to members of the organization, nothing in section849.0931, Florida Statutes, requires that participation be restricted to members only.
Question Three
I understand your question to be whether a caller, when announcing the object that has been drawn or ejected, must announce that object in its descriptive entirety rather than merely by number, that is, whether the caller must call out B-1, I-16, or O-62, for example, rather than 1, 16, or 62.
In Attorney General's Opinion 96-17, this office concluded that section 849.0931(12)(g), Florida Statutes, requires the vocal announcement of the winning bingo card or sheets by announcing the numbers in the winning pattern. However, that opinion did not consider what constitutes "announcing the numbers in the winning pattern."
Section 849.0931(1)(d), Florida Statutes, defines "[o]bjects" for purposes of the bingo statute and states that:
"`Objects' means a set of 75 balls or other precision shapes that are imprinted with letters and numbers in such a way that numbers 1 through 15 are marked with the letter `B,' numbers 16 through 30 are marked with the letter `I,' numbers 31 through 45 are marked with the letter `N,' numbers 46 through 60 are marked with the letter `G,' and numbers 61 through 75 are marked with the letter `O.'"
Subsection (12) of the bingo statute requires that each bingo game be conducted in accordance with certain prescribed rules, including the following:
"(d) All numbers shall be visibly displayed after being drawn and before being placed in the rack.
(e) A bona fide bingo shall consist of a predesignated arrangement of numbers on a card or sheet that correspond with the numbers on the objects drawn from the receptacle and announced. Errors innumbers announced or misplaced in the rack may not be recognized as a bingo.
(f) When a caller has started to vocally announce a number, he shall complete the call. If any player has obtained a bingo on a previous number, such player will share the prize with the player who gained bingo on the last number called." (e.s.)
Thus, the statute refers to "numbers" rather than a combination of numbers and letters as are used in the definitional section (1)(d).
A review of statutes from other jurisdictions indicates that states other than Florida specifically require that "[t]he letter and number on the ball shall be called out clearly[.]"[6] However, while Florida's statute refers to numbers rather than to number/letter combinations, the statute does not prohibit the caller in a bingo game from announcing the object which has been drawn or ejected in its descriptive entirely. Rather this type of announcement would appear to follow the usual practice for conducting bingo games and would contribute to the ease of play.
Therefore, while not required by the statutes, a caller in a bingo game may, in order to avoid confusion and facilitate ease of play, announce that object in its descriptive entirety when it has been drawn or ejected rather than announcing only the number of that object. Thus, it would be permissible for the caller to announce B-1, I-16, or O-62 rather than 1, 16, or 62.
Questions Four and Five
Your last two questions deal with the appropriate expenditure of bingo proceeds and will be discussed together.
Section 849.0931(2)(a), Florida Statutes, provides in part that
"None of the provisions of this chapter shall be construed to prohibit or prevent charitable, nonprofit, or veterans' organizations engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar endeavors, which organizations have been in existence and active for a period of 3 years or more, from conducting bingo games, provided the entire proceeds derived from the conduct of such games, less actual business expenses for articles designed for and essential to the operation, conduct, and playing of bingo, are donated by such organizations to the endeavors mentioned above." (e.s.)
You have asked what may constitute "actual business expenses for articles designed for and essential to the operation, conduct, and playing of bingo".
In Attorney General's Opinion 92-91, this office was asked whether the proceeds derived from bingo could be used for additional payments for administrative expenses, clean-up expenses and set-up expenses under section 849.0931(2)(a), Florida Statutes. In concluding that such expenditures were appropriately made from the proceeds of bingo games, the opinion noted that the precursor statute, section 849.093, Florida Statutes 1991, authorized organizations licensed to conduct bingo to use proceeds for certain "authorized expenses." The term "authorized expenses" was defined in section 849.093(2)(a), Florida Statutes 1991, as:
"[T]he actual business expenses essential to the conduct and playing of bingo, consisting of the following: the amount paid for rent for the use of the premises if such premises are rented exclusively for the purpose of conducting bingo; custodial services; equipment and supplies; accounting services for the required records and reports; bingo application and license fees; advertising; security personnel; and the actual cost to the licensee for prizes other than cash, not to exceed the limits on prize amounts specified in this section. . . ."
In adopting section 849.0931, Florida Statutes, however, the Legislature did not re-enact the provisions relating to "authorized expenses" but relied on language which had been used in an earlier version of section 849.093, Florida Statutes, to provide:
"[T]he entire proceeds derived from the conduct of such games, less actual business expenses for articles designed for and essential to the operation, conduct, and playing of bingo, are donated by such organizations to the endeavors mentioned above."[7]
In State v. South County Jewish Federation,[8] the Fourth District Court of Appeal was asked whether the use of proceeds from bingo games to pay for the rent and maintenance of the premises and all expenses associated with the conduct of the games, such as the payment of an independent contractor to prepare the paper and supplies used by the players, and security services violated the statute set out above. The court stated that since bingo games must be played in a room that necessitates the paying of rent, utilities, and other such "intangibles," "[c]learly, the legislature intended for these necessities to be considered `business expenses' that can be paid by part of the proceeds, or charities would not be able to conduct the bingo games at all."[9]
The court determined that these operational expenses were within the scope of the statute.
I would note that section 849.0931(11), Florida Statutes, allows bingo games to be held only upon premises meeting certain statutory requirements. Subparagraph (c) of the statute states that bingo may be played on:
"[p]roperty leased for a period of not less than 1 year by a charitable, nonprofit, or veterans' organization, providing the lease or rental agreement does not provide for the payment of a percentage of the proceeds generated at such premises to the lessor or any other party and providing the rental rate for suchpremises does not exceed the rental rates charged for similarpromises in the same locale." (e.s.)
Thus, rent charged for premises on which bingo games are conducted by charitable organizations must conform to a reasonableness standard for rental rates in the area.
In light of the decision in State v. South County JewishFederation, which interprets substantially the same language as is currently contained in section 849.0931, Florida Statutes, it is my opinion that operational expenses that are necessary in order to conduct the game of bingo may be paid from the proceeds of bingo games conducted by charitable organizations. The courts and this office have determined that these operational expenses may include such things as reasonable rent, electricity or security for the bingo premises, and set-up and clean-up expenses for conducting bingo games.[10] However, a determination of the authority to pay individual items of expense from bingo proceeds is beyond the authority of this office.
Sincerely
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 849.0931(1)(c), Florida Statutes, defines "[c]haritable, nonprofit, or veterans' organization" to mean "an organization which has qualified for exemption from federal income tax as an exempt organization under the provisions of s. 501(c) of the Internal Revenue Code of 1954 or s. 528 of the Internal Revenue Code of 1986, as amended; which is engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar activities; and which has been in existence and active for a period of 3 years or more."
[2] Section 849.0931, Fla. Stat., also authorizes a condominium association, a mobile home owners' association, or a group of residents of a mobile home park or recreational vehicle park as defined in Ch. 513, Fla. Stat., to conduct bingo as prescribed therein. See, s. 849.0931(4), Fla. Stat.
[3] Section 849.0931(11), Fla. Stat.
[4] Section 849.0931(9), Fla. Stat. And see, Op. Att'y Gen. Fla. 95-69 (1995), which discusses who may conduct bingo operations.
[5] Section 849.0931(8), Florida Statutes, provides:
"Each person involved in the conduct of any bingo game must be a resident of the community where the organization is located and a bona fide member of the organization sponsoring such game and may not be compensated in any way for operation of such bingo game. When bingo games are conducted by a charitable, nonprofit, or veterans' organization, the organization conducting the bingo games shall be required to designate up to three members of that organization to be in charge of the games, one of whom shall be present during the entire session at which the bingo games are conducted. The organization conducting the bingo games is responsible for posting a notice, which notice states the name of the organization and designated member or members, in a conspicuous place on the premises at which the session is held. In no event may a caller in a bingo game be a participant in that bingo game."
And see, Op. Att'y Gen. Fla. 92-91 (1992), in which this office considered whether a nonmember of a specified organization could conduct bingo where all the members of the organization were physically or mentally unable to conduct the games.
[6] Rule 13(5), Conduct During Bingo Games, Colorado State Bingo Rules Regulations. And see, e.g., The Bingo Zone(tm): Basic Bingo Rules, which states in the section relating the basic rules of the game of bingo that "[a]s each ball is selected, the announcer calls out its letter/number combination to the players[.]" (e.s.)
[7] See, s. 849.093(2)(a), Fla. Stat. (1989).
[8] 491 So.2d 1183 (Fla. 4th DCA 1986).
[9] Id. at 1187.
[10] And see, Op. Att'y Gen. Fla. 92-91 (1992).